IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| LAWRENCE N. CAVIN and THERESA CAVIN,　　　　　　) ) ) | |
| Plaintiffs,　　　　　　　　　　　　　　　　　) ) | |
| v.　　　　　　　　　　　　　　　　　　　　　　) ) | Case No. 05 C 4987 |
| HOME LOAN CENTER, INC., d/b/a　　　　　　　　) HOMELOANCENTER.COM,　　　　　　　　　　　) Defendant.　　　　　　　　　　　　　　) | Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Lawrence and Theresa Cavin sued Defendant Home Loan Center ("HLC") alleging that HLC accessed their credit reports without their consent and in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (R. 1, Compl.) The Cavins currently move for class certification pursuant to Federal Rule of Civil Procedure 23. The Cavins also have filed a motion to compel discovery. (R. 35-1.)[1] For the following reasons, the Court grants in part and denies in part the Cavins' motion for class certification. (R. 21-1.)

---

[1] In the motion to compel, the Cavins argue that HLC never made its initial mandatory disclosures under Rule 26(a)(1). This Court orders HLC to make its initial mandatory disclosures pursuant to Rule 26(a)(1) within 30 days from the date of this opinion. We are denying the remainder of the motion to compel discovery without prejudice, subject to its renewal if there are any remaining discovery issues after the initial disclosures are made.

## RELEVANT FACTS[2]

The Cavins received three letters from HLC during June and July of 2005, known for the purposes of this action as Exhibits A, B, and C. (R. 1, Compl. ¶ 6, 7, 9.) Each document included the following statement: "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria." (*Id.*, Exs. A-C.) Section 1681b of the FCRA prohibits consumer reporting agencies from furnishing consumer credit information in transactions not initiated by a consumer, except for when the request is in connection with a "firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B) (2006). The Cavins argue that the disclosure of their credit information incident to the mailing of Exhibits A, B, and C was not a firm offer of credit within the meaning of the FCRA and that HLC is therefore liable for willful violations of the FCRA under Section 1681n. (R. 1, Compl. ¶ 26-30.) The Cavins further claim that Exhibit A violated the disclosure requirements of Section 1681m of the FCRA. (*Id.* ¶ 30.)

## LEGAL STANDARD

The plaintiffs have the burden of proving that class certification is proper. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). Under Federal Rule of Civil Procedure 23(a), the plaintiffs must establish four elements:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Once these prerequisites are satisfied, the plaintiffs must then demonstrate that their

---

[2] The facts recited herein are gleaned from the complaint, the class certification motions, and the parties' exhibits. The Court does not have to accept the plaintiff's factual allegations as true when deciding whether to certify a class. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

2

proposed class satisfies at least one of the provisions of Rule 23(b). The Cavins are seeking to have their class certified under Rule 23(b)(3). Under Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." The plaintiffs must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* The Court has broad discretion in determining whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).

## ANALYSIS

The Cavins' proposed class would consist of:

> (a) all persons with Illinois addresses (b) to whom the defendant sent or caused to be sent material in the form represented by Exhibits A-C (c) on or after a date two years prior to the filing of this action and (d) before 20 days after the filing of this action and (e) who did not obtain credit in response thereto.[3]

(R. 1, Compl. ¶ 36; R. 54-1, Pls.' Reply at 2.) The Cavins argue that this class meets all the requirements of Rule 23(a) and b(3), while HLC argues that it fails every single element of both rules. The Court will consider each requirement in turn.

I. **Class Certification**

　A. **Rule 23(a) Requirements**

　　1. **Rule 23(a)(1): Numerosity**

Federal Rule of Civil Procedure 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." According to HLC, it mailed approximately 49,617

---

[3] Plaintiffs have not been entirely consistent in their articulation of the proposed class. In fact, their Motion for Class Certification excluded the limitation set forth at (e), above. (R. 21-1, Pl's Mot. for Class Cert. at 1.) The Court will treat the above version as the Cavins actual position because it was offered in both the complaint and in the reply brief, and because it is the narrower of the two definitions proposed. *See Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328-29 (N.D. Ill. 1995) (stating that a court has broad power to modify a class definition if the proposed class definition is too broad).

promotions in the form of Exhibits A through C during the relevant period to persons with Illinois addresses. (R. 22-2, Def.'s Resp. to Interrog. ¶ 14.) The proposed class is further limited to only those recipients "who did not obtain credit in response" to the promotions. According to the Cavins, between 99.5% and 97.2% of recipients did not respond to the promotions, leaving a minimum of between 48,228 and 49,369 potential class members who did not obtain credit in response to the promotions. (R. 54-1, Pls.' Reply, at 14-15.) HLC has not offered a competing estimation of the response rate, despite being in a good position to do so as the party controlling this information.

Although there is no bright-line test for numerosity, a class of at least forty members is generally sufficient to satisfy Rule 23(a)(1). *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002). Furthermore, a plaintiff does not have to provide exact numbers because a class action may proceed based upon an estimated class size. *McCabe*, 210 F.R.D. at 643. The Cavins have estimated their class size at approximately 49,000 members and HLC has not rebutted this estimation. Clearly, joinder of 49,000 persons is impracticable. Therefore, the proposed class is sufficiently numerous to satisfy Rule 23(a)(1).

### 2. Rule 23(a)(2): Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be questions of law or fact common to the class. Typically, a common nucleus of operative facts is enough to satisfy this requirement. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Plaintiffs argue that the common nucleus in this case arises out of the common fact that HLC prescreened the credit reports of all of the proposed class members for the purpose of receiving Exhibits A through C, which allegedly do not satisfy the FCRA's definition of a "firm offer of credit." (R. 54-1, Pls.'

4

Reply, at 1.)

A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class. *Keele*, 149 F.3d at 594; *McCabe*, 210 F.R.D. at 644. Courts have consistently found there to be a common question of law or fact where the dispute arises out of standard form documents. *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 299 (N.D. Ill. 2005); *Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill. 1998); *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 82 (N.D. Ill. 1997). The fact that there is some factual variation among the class grievances will not defeat class certification where there is a common nucleus of operative facts. *Rosario*, 963 F.2d at 1017; *see also In re Cmty. Bank of N. Va.*, 418 F.3d 277, 303 (3d Cir. 2005).

In the present case, the alleged conduct at issue involved the mailing of standardized form documents and also involved standardized conduct towards the members of the proposed class. The only non-common question of law or fact identified by HLC is that some class members might have actual damages. This argument is a nonstarter because the Cavins are seeking only statutory damages, and those class members who want to pursue actual damages can opt out of the class. Furthermore, the mere fact that the damages may differ does not alter the existence of a common nucleus of operative facts. *Rosario*, 963 F.2d at 1017. The Court finds that Rule 23(a)(2) is satisfied because there are common questions of law or fact among the proposed class members.

### 3. Rule 23(a)(3): Typicality

Federal Rule of Civil Procedure 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. In order to satisfy typicality, the plaintiff must be a member of the named class, *Sosna v. Iowa*, 419 U.S. 393, 403

(1975), and his claims must arise "from the same event or practice or course of conduct that gives rise to the claims of other class members ... are based on the same legal theory." *Keele*, 149 F.3d at 595; *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

Like the other potential class members, the Cavins have an Illinois address and received Exhibits A through C during the defined period. (R. 54-1, Pls.' Reply at 2.) HLC contends, however, that they fall outside of the defined class because they did not respond to the solicitations and request credit. (R. 50-1, Def.'s Resp. at 3.) This argument fails because the class is defined as all persons who did not obtain credit in response to Exhibits A through C. Therefore, the Cavins—who neither sought nor received credit—fall within the class.

The Court also must determine that the Cavins' claims arise from the same course of conduct, and utilize the same legal theory, as the claims of other class members. *Keele*, 149 F.3d at 595; *De La Fuente*, 713 F.2d at 232. The Cavins' claims arise from the same course of conduct as other class members—the receipt of Exhibits A through C after an allegedly unlawful credit report was obtained. (R. 54-1, Pls.' Reply at 1.) Furthermore, the Cavins' legal theory is identical to that of the class as a whole—that Exhibits A through C do not represent a "firm offer of credit" and therefore HLC willfully violated the FCRA in prescreening each class members' credit. Thus, the Cavins satisfy Rule 23(a)(3) because their claims are typical of the claims of the class.

### 4. Rule 23(a)(4): Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The plaintiff must show three factors to prove adequacy: (1) the representative does not have conflicting or antagonistic interests

6

compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *Tatz v. Nanophase Techs. Corp.*, 01 C 8440, 2003 WL 21372471, *8 (N.D. Ill. June 13, 2003).

The Cavins assert that their interests are aligned with the rest of the class because both the Cavins and the class members desire money damages for HLC's violation of the FCRA. HLC argues that the Cavins, who have no actual damages, cannot adequately represent members of the class who have suffered such damages. To support this position, HLC offers a hypothetical scenario in which a class member relies on HLC's offer and foregoes other offers of credit, thereby suffering actual damages. (R. 50-1, Def.'s Resp. at 10 n. 9.)

It is apparent, however, that the named plaintiffs do not have conflicting or antagonistic interests with respect to the class members as a whole. To the degree that such hypothetical conflicting interests are likely to exist, such cases can adequately be dealt with by providing a clear notice of the right to opt out, as required by Federal Rule of Civil Procedure 23(c)(1)(B). Since the estimated response rate to unsolicited offers of credit runs between .5% and 2.8%, according to data provided by the Cavins, it is unlikely that such hypothetical claimants will constitute a significant part of the class. (R. 54-1, Pls.' Reply at 14-15.)

We also reject HLC's invitation to revisit our decision in *Murray* where we held that the plaintiff does not have to prove actual pecuniary harm in order to recover statutory damages for willful violations of the FCRA. HLC points to *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (2005), where the Seventh Circuit determined that since the plaintiff could not establish her underlying FCRA claim under 1681i, which required proof of actual pecuniary

7

harm, then she could not establish a claim for statutory damages under 1681n. Contrary to HLC's assertions, the Seventh Circuit did not say that proof of actual pecuniary harm is required, no matter which provision of the FCRA is at issue, in order for a plaintiff to receive statutory damages. In *Ruffin-Thompkins*, the Seventh Circuit first determined whether the plaintiff established an underlying FCRA claim under 1681i (which she did not) and then whether the defendant knowingly and intentionally violated the FCRA (which would entitle the plaintiff to statutory damages). *Id.* at 610. Since the plaintiff could not establish her underlying FCRA claim under 1681i because she could not prove actual pecuniary harm, her claim for statutory damages failed. *Id.* The provision at issue in this case and in our earlier *Murray* decision—Section 1681(b)—does not require proof of actual pecuniary harm; therefore, a plaintiff does not have to prove actual harm in order to get statutory damages. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) (finding that class treatment is appropriate for a proposed class of individuals with 1681b claims where there is no proof of actual harm and whose members are seeking statutory and not actual damages).

HLC's claim that the Seventh Circuit's requirement of actual harm is not limited to 1681i, but also applies to the general remedial provisions of the FCRA, specifically 1681n—which governs damages for willful noncompliance—and 1681o—which governs damages for negligent noncompliance, is equally unpersuasive. A plaintiff seeking redress under 1681o can get actual damages, but not statutory or punitive damages, whereas all of these remedies are available under 1681n. It would make sense that a plaintiff seeking damages under 1681o prove actual damage because that is the only remedy available. We decline to apply the same logic to a different provision of the FCRA that provides for alternative remedies. Furthermore, the idea that a plaintiff has to prove actual harm, no matter which provision of

8

FCRA is at issue, in order to recover statutory damages is contrary to Seventh Circuit law and decisions by other district courts in this circuit. *See Murray*, 434 F.3d at 953 (discussing the importance of FCRA's statutory damages provision, stating that "actual loss is small and hard to quantify [which] is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury"); *see also Murray v. Cingular Wireless II*, 05 C 1334, 2005 U.S. Dist. LEXIS 39542, * 12 (N.D. Ill. Dec. 22, 2005); *Tremble v. Town & Country Credit Corp.*, 05 C 2625, 2006 WL 163140, * 5 (N.D. Ill. Jan. 18, 2006). Thus, the Cavins interests do not conflict with those of the class at large simply because they are seeking statutory, not actual damages, and have not suffered actual harm.

A proper class representative also must be sufficiently interested in the outcome to ensure vigorous advocacy. *Murray*, 232 F.R.D. at 300. The burden of such a showing is modest: "An understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery are sufficient to meet this standard." *Weiner v. Quaker Oats Co.*, 98 CV 3123, 1999 WL 1011381, at *8 (N.D. Ill. Sept. 30, 1999).

Lawrence Cavin has displayed a recollection of the key facts giving rise to his complaint—the receipt of the offer of credit that he regarded as indefinite in its terms as well as an understanding of some of the legal issues in his case, such as the basic meaning of a "firm offer of credit." (R. 50-2, Dep. of Lawrence Cavin at 28-30.) He has been in communication with his attorneys regarding discovery in this case. (*Id.* at 37-38.) He understands his obligations as a class representative. (*Id.* at 23.) Accordingly, Mr. Cavin satisfies the burden of showing a sufficient interest in the case.

HLC attempts to show that Mr. Cavin's interest is insufficient because he has met with his counsel only once, and because he exhibits confusion as to some facts of this case and others

9

in which he is acting as the named plaintiff. On our review of the record, HLC has overstated the alleged confusion. For instance, HLC argued that Mr. Cavin was "lost" when asked whether he had signed a retainer agreement with his counsel. (R. 50-1, Def.'s Resp. at 4.) On review of the deposition, however, it seems that this confusion had more to do with defense counsel's choice of words than any real lack in Mr. Cavin's understanding. When asked the question in everyday language during cross-examination by his own counsel, Mr. Cavin answered correctly. (R. 50-3, Dep. of Lawrence Cavin, at 38.) None of these contentions, even if true, would undercut the fact that Mr. Cavin has shown "an understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Weiner*, 1999 WL 1011381, at *8. It is well established that a named plaintiff's lack of knowledge and understanding of the case is insufficient to deny class certification unless his ignorance unduly impacts his ability to vigorously prosecute the action. *Murray*, 232 F.R.D. at 300. That is not the case here.

HLC launches a similar assault upon Theresa Cavin's suitability as a lead plaintiff. HLC argues that she is inadequate because she was confused about various matters in the case, is bipolar, and physically ill. (R. 50-1, Def.'s Resp. at 5-6.) However, poor health is not a sufficient reason to declare a representative to be inadequate, absent a showing that the representative will be unable to perform the necessary duties. *See, e.g., Kriendler v. Chem. Waste Mgmt.*, 877 F. Supp. 1140, 1159 (N.D. Ill. 1995) (rejecting the defendant's challenge to the plaintiff's adequacy as lead plaintiff because of health problems).

Theresa Cavin also has a sufficient interest in the litigation to ensure vigorous advocacy. She reviewed the complaint in this case before it was filed. (R. 50-5, Dep. of Theresa Cavin at 37.) She has consulted with her attorneys in person regarding discovery in this case. (R. 54-1,

Pls.' Reply at 6.) She recalls receiving Exhibits A through C and forwarding them to her attorneys. (*Id.* at 58-59.) Furthermore, she understands that she has fiduciary obligations to her class and cannot settle a class action solely for her own benefit. (*Id.* at 67.) Theresa Cavin has shown that she will be an adequate class representative.

Finally, the Cavins must show that their class counsel is "experienced, competent, qualified and able to conduct the litigation vigorously." *Murray*, 232 F.R.D. at 300. The Court notes that it has previously approved the Cavins' counsel—the firm of Edelman, Combs, Latturner & Goodwin, LLC—as class counsel in FCRA actions, describing the firm as "extremely experienced in the field of consumer class actions." *Murray*, 232 F.R.D. at 301. HLC argues that Edelman Combs' conduct in this particular case merits a finding of inadequacy because the firm has delegated responsibility to Curtis Warner, one of the younger attorneys at the firm. (*Id.* at 12.) Mr. Warner has been practicing law for four years, and is working in cooperation with more senior attorneys at Edelman Combs. (R. 54-1, Pls.' Reply at 13.) This Court has previously found that a junior attorney at an experienced firm can meet the necessary requirements for acting as class counsel. *Murray*, 232 F.R.D. at 301. The Court finds that Mr. Warner and the firm of Edelman Combs, are "experienced, competent, qualified and able to conduct the litigation vigorously." *Id.* at 300.

HLC offers extensive argument that the Cavins' representation will be inadequate because the class claims cannot succeed. This Court expresses no view on the merits of these contentions, because whether a court should certify a class and whether the plaintiff will ultimately prevail on the merits are distinct questions. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). The Court will consider such arguments at the appropriate time, but considers

11

them irrelevant to the present issue.[4] The Cavins and their counsel have demonstrated that they can "fairly and adequately protect the interest of their class." Fed. R. Civ. P. 23(a)(4). Thus, the proposed class satisfies all the requirements of Rule 23(a).

## B. Rule 23(b)(3) Requirements

### 1. Predominance

In order to maintain a class action under Federal Rule of Civil Procedure 23(b)(3), the plaintiffs must demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." A firm offer of credit claim under the FCRA presents highly generalized issues of proof, which predominate over any individualized inquiries. HLC contends, however, that the individualized inquiry into damages will predominate over the common issues involving whether HLC violated the FCRA. (R. 50-1, Def.'s Resp. at 13.) First, it should be noted again that the Cavins and the proposed class seek only statutory damages, so it is doubtful that an individualized damages inquiry will in fact be necessary.[5] Regardless, it is settled law that individualized damages, absent more, will not generally preclude class certification. *See Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660-661 (7th Cir. 2004). To the degree that such an individualized inquiry might be necessary, this can be addressed by the expediency of a bifurcated damages proceeding pursuant to the Court's

---

[4] HLC cites *Robinson v. Sheriff of Cook County*, 167 F.3d 1155 (7th Cir. 1999), for the proposition that a weakness in the representative's claim casts doubt on a finding of adequacy. The Court finds this citation inapposite. *Robinson* stands for the proposition that where the representative's claims are weak, *as compared with those of the class as a whole*, adequacy of representation is in doubt. *Id.* at 1157. However, the *Robinson* court stated that when the claims of the class as a whole are weak, the appropriate remedy is dismissal, not a denial of certification. *Id.* Since HLC's allegations of defects in the Cavins'claims apply to the class as a whole, there is no basis for finding that such defects have any bearing on the question of adequacy.

[5] This Court has previously rejected an identical claim, noting that: "[s]tatutory damages are an alternative remedy to actual damages, and a plaintiff cannot get both actual and statutory damages. Consequently, a plaintiff does not have to prove actual injury or harm in order to get statutory damages." *Murray*, 232 F.R.D. at 302.

authority under Federal Rule of Civil Procedure 42(b). This Court finds that common questions of law and fact are likely to predominate over any individualized inquiry in the present case and therefore the proposed class meets the predominance requirement of Rule 23(b)(3).

### 2. Superiority

Federal Rule of Civil Procedure 23(b)(3) also requires the plaintiffs to demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually and the common questions that are often involved. *See Murray*, 232 F.R.D. at 303; *see also In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997). Furthermore, there is a strong presumption in favor of a finding of superiority when the alternative to a class action is likely to be no action at all for the majority of class members. *Carnegie*, 376 F.3d at 661 ("A class action has to be unwieldy indeed before it can be pronounced an inferior alternative—no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied—to no litigation at all.").

HLC asserts that a class action is unnecessary because damages of up to $1,000, punitive damages, and attorneys fees are a sufficient reward to maintain individual suits. This claim is unpersuasive because this Court does not view 49,000 individualized actions, even if maintainable, as superior to a class proceeding. HLC further argues that a class action may not be preferable because of the magnitude of damages at stake in a class action such as this. These concerns can be addressed through the Court's discretion to reduce an unnecessarily large statutory award. *Murray*, 434 F.3d at 954; *see also*

13

*Murray*, 232 F.R.D. at 304 (citing *Parker v. Time Warner Entm't, L.P.*, 331 F.3d 13, 22 (2d Cir. 2003)).

Given that the likely alternative to class certification is that few of the class members' claims will be vindicated, this Court determines that a class action is superior to other methods of proceeding. Thus, the proposed class satisfies all the requirements of Rules 23(a) and 23(b)(3).

## II. Section 1681m Claim

Finally, the Cavins argue that HLC fails to comply with the disclosure requirements of Section 1681m. HLC argues that this claim is barred due to recent amendments to the FCRA. In response to this argument, the Cavins cite the case of *Barnette v. Brook Road, Inc.*, 05 CV 590, 2006 WL 1195913, at *5 (E.D. Va. May 3, 2006), for the proposition that "the limitation in § 1681m(h)(8) should read 'subsection' rather than 'section,' thereby applying solely to subsection (h) and not eliminating the private right of action for violations of the remainder of § 1681m. The Seventh Circuit, however, has already ruled on this issue, finding that the recent amendment to the FCRA abolishes the private right of action under Section 1681m of the FCRA. *See Murray*, 434 F.3d at 951; 15 U.S.C. § 1681m(h)(8). Therefore, we dismiss the Cavins' claim under Section 1681m of the FCRA.

## CONCLUSION

For the foregoing reasons, the Cavins' claim under 1681m is dismissed and class certification is granted as to the remaining claims. (R. 21-1.) Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court certifies a class consisting of: (a) all persons with Illinois addresses (b) to whom the defendant sent or caused to be sent material in the form represented by Exhibits A-C (c) on or after a date two years prior to the filing of this action and (d) before 20 days after the filing of this action and (e) who did not obtain credit in response thereto. The motion to compel discovery is granted in part and denied in part. (R. 35-1.)

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: May 10, 2006